UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD G. DEMO, et al.,

       Plaintiffs,                       FILE NO. 4:06-CV-54

v.                                     HON. ROBERT HOLMES BELL

RED ROOF INNS, INC.,

       Defendant.
_____/

## OPINION

       This is a state-law premises liability action originally filed by Plaintiffs Donald G. Demo and Melony J. Demo in the Kalamazoo County Circuit Court. The action was removed to this Court by Defendant Red Roof Inns in accordance with 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The matter presently is before the Court on Defendant's motion to dismiss (Docket #25). For the reasons that follow, the motion is **granted**.

### I.

       The following facts are taken in the light most favorable to Plaintiffs.

       About three weeks before the incident in question, just before his unit was shipped to Iraq, Plaintiff Donald Demo was administratively discharged from military duty in order to care for his wife, who had become totally blind as a result of her diabetes. (Pl. Dep. at 9.) At approximately 11:00 p.m. on February 4, 2005, Plaintiffs Donald and Melony Demo, who

were on their way to a family funeral, checked into a room at the Defendant's Red Roof Inn Kalamazoo East, 3701 East Cork Street, in Kalamazoo, Michigan. (Pl. Dep. at 41.) Because the motel had no rooms on the first floor, Plaintiff's were given a room on the second floor. (Pl. Dep. at 35.) The hotel had no elevator, so Plaintiffs were required to reach their room by way of one of the exterior stairways. (Compl. ¶10.) Those stairways were made of wood, though the floors of the hotel and sides of the stairway were made of concrete. A metal edge connected the concrete floor to the first wooden riser of the steps. (Compl. ¶ 11; Pl. Dep. at 109.) The stairwells were covered and partially enclosed by a roof. (Compl. ¶ 12; Pl. Dep. at 110.) However, according to Plaintiffs, the stairwell was sufficiently open to be subjected to the elements. (Pl. Dep. at 54.) Further, Plaintiffs claim that, on February 4-5, 2005, the stairwells were not well lighted, though Donald Demo acknowledged that at least one light illuminated the staircase. He testified that no signs were posted to warn residents of possible wet, slippery or icy conditions. In addition, the stairs were not coated with a non-skid material. (Compl. ¶¶ 13-15; Pl. Dep. at 52, 109.)

On the night of February 4, 2005, Plaintiff Donald Demo made the trip from the car to the room at least twice, escorting his wife and carrying in their possessions. (Pl. Dep. at 41-42.) During that process, he used the stairway midway along the side of the building on which his room was located. (Pl. Dep. at 40.)

At approximately 4:30 a.m. on February 5, Plaintiff Donald Demo left his room to go to the Denny's Restaurant nearby, where he purchased breakfast for his wife. Both when he

2

left the building and when he returned to the building with the breakfast, he used the same stairway he had used the night before. (Pl. Dep. at 44, 45.) He had no difficulty with the stairs either leaving or returning to his room. (Pl. Dep. 46.) Once he returned, he realized that he had forgotten to get his wife anything to drink. He considered returning to Denny's, but was reluctant to do so as it had been crowded and difficult to park due to the presence of some ice and snow. (Pl. Dep. at 50.) Donald Demo remembered that, when he first entered the motel to go to his room, he saw a vending machine. Because he knew there was ice in the parking lot, he thought it would be safer to take the stairway at the front of the building rather than take the middle stairway and walk through the lot. (Pl. Dep. at 51.)

At the top of the stairway, just as he was stepping off the landing, Plaintiff's feet went out from under him and he fell down the stairway. (Pl. Dep. at 52, 104.) Donald Demo was unable to identify the cause of his slip, though he speculated that a sheet of ice must have covered the step area. (Pl. Dep. at 52-53.) He testified that he never saw ice and he did not return to the area to see if there was anything there. (Pl. Dep. at 53-54.) At another point in his deposition, however, he stated more generally, "I would say that the surface on the steps were slippery and that's basically why I come down the steps the way I did." (Pl. Dep. at 104.)

When he reached the bottom of the stairs, Plaintiff took several minutes before he was able to get to his feet. He then walked to the office and reported the fall. (Pl. Dep. at 54-55.) The time was approximately 5:30 a.m. The office employee asked if he needed assistance

or an ambulance and gave him an accident report form, which he completed. (Pl. Dep. at 56-57.) On that form, he stated the cause of the accident as icy and wet steps. (Pl. Resp. Ex. D.) Plaintiff declined the offer of help, in order to return to his room and assist his wife. (Pl. Dep. at 57.)

As a result of the fall, Plaintiff suffered significant injuries, including herniations of two spinal disks requiring multiple surgeries and causing permanent nerve loss and pain, together with other back, neck, leg and bodily injuries. Plaintiff's injuries have resulted in total employment disability and the necessity of hiring replacement services for the performance of daily tasks. Plaintiff Melony Demo alleges loss of consortium and loss of Donald's ability to care for her.

## II.

On a motion for summary judgment, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court, however, "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th

Cir. 1989). Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In order to prove that a triable issue exists, the nonmoving party must do more than rely upon allegations, but must come forward with specific facts in support of his or her claim. *Celotex*, 477 U.S. at 322; *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). A party opposing a motion for summary judgment "may not merely recite the incantation, 'credibility,' and have a trial in the hope that a jury may believe factually uncontested proof." *Fogery v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). After reviewing the whole record, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co., Inc.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "'[D]iscredited testimony is not [normally] considered a sufficient basis'" for defeating the motion. *Anderson*, 477 U.S. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)). In addition, where the factual context makes a party's claim implausible, that party must come forward with more

persuasive evidence demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 323-24; *Matsushita*, 475 U.S. at 586-87; *Street*, 886 F.2d at 1480. "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).

### III.

Under Michigan law, possessors of land owe business invitees[1] the duty to exercise ordinary care and prudence to keep their premises in reasonably safe condition for the invitees' use. *See Kroll v. Katz*, 132 N.W.2d 27, 32 (Mich. 1965); *Douglas v. Elba, Inc.*, 457 N.W.2d 117, 119 (Mich. Ct. App. 1990). That duty of reasonable care includes several components: (1) the duty to maintain the premises in a reasonably safe condition; (2) the duty to warn invitees of dangers of which the possessor knew or should have known; and (3) the duty to inspect the premises to discover a potentially dangerous condition if a reasonable person would have inspected under the circumstances. *Kroll*, 132 N.W.2d at 32.

In the context of snow and ice, however, the Michigan Supreme Court recently has held that a premises holder does not have a duty to diminish the hazards of snow and ice if the accumulation is open and obvious. *See Mann v. Shusteric Enters., Inc.*, 683 N.W.2d 573 (Mich. 2004). If an accumulation of snow or ice is open and obvious, the landlord must take reasonable measures within a reasonable period of accumulation to diminish the risk of

---

[1]No dispute exists that Plaintiffs were business invitees under Michigan law.

injury, but only if there exists some "special aspect" that makes the accumulation "unreasonably dangerous." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384 (Mich. 2001).

Since *Mann*, virtually all appellate decisions have found dismissal to be appropriate because snow and ice were open and obvious and no special circumstances were present. For example, in *Kenny v. Katz Funeral Home, Inc.*, 689 N.W.2d 737 (Mich. Ct. App. 2004), *rev'd*, 697 N.W.2d 526 (Mich. 2005), the court of appeals concluded a jury could find that the existence of black ice under the snow was not an open and obvious danger. The Michigan Supreme Court, however, reversed on the grounds that the slippery condition of the parking lot was open and obvious. Following these decisions, icy and snowy conditions will seldom create a jury question regarding a landowner's liability for failure to eliminate those conditions.

In the instant case, Plaintiffs fail to demonstrate either that Defendant owed a duty to protect Donald Demo on February 5, 2005, or that it breached that duty. First, Donald Demo testified that he was aware that the weather was chilly, that some ice and snow was present, and that the stairs were open to the elements. However, Plaintiffs fail entirely to explain why, knowing those conditions and knowing that he was exiting by way of an exterior staircase, the danger of an icy stairway was not obvious to Donald Demo. Michigan law places an obligation upon invitees to avoid the open and obvious danger caused by winter weather. *Lugo*, 629 N.W.2d at 389 (citing *Bertrand v. AlanFord, Inc.*, 537 N.W.2d 185, 189 (Mich. 1995)); *Mann*, 683 N.W.2d at 578-79. Only when special circumstances are found

7

does the landowner have a duty to ameliorate the hazard, whether by removal or warning. *Mann*, 683 N.W.2d at 579 (citing *Lugo*, 629 N.W.2d at 387. Plaintiff has suggested no special aspects warranting the imposition of a duty on Defendant.

Second, even were the potential danger of an icy external stairway not ordinarily an open and obvious danger, Plaintiff fails to present more than rank speculation about the cause of his fall. Notwithstanding the brief's citation of certain vague statements in Donald's deposition, the transcript is clear that, when asked directly about how he slipped, Donald Demo clearly and repeatedly indicated that he could only assume the stair was icy. He expressly testified that he did not see the ice and never examined the area after his fall. The Michigan courts repeatedly have rejected claims of landowner negligence where the plaintiff cannot demonstrate the cause of the fall. *See, e.g., Stefan v. White*, 257 N.W.2d 206 (1977) (where plaintiff testified that she did not know what she tripped over, the existence of a metal strip at the edge of the kitchen floor was insufficient to create a causal inference); *Pete v. Iron County*, 481 N.W.2d 731 (Mich. Ct. App. 1991) (rejecting claim that fall was caused by an accumulation of water on a stair because the plaintiff testified she did not know what caused her fall). In the context of his denials of any specific knowledge of what caused his fall, Donald Demo's other, more general statements concerning the icy stairway must be construed as mere speculation.

Moreover, even if the icy stairway was not deemed to be open and obvious, and even if Plaintiff Donald Demo could testify with certainty that ice caused his fall, Plaintiffs have

provided no evidence as to how long the condition existed that could or should have made Defendant aware of the hazard. In order to be held liable, a premises possessor must have actual or constructive knowledge of the existence of a dangerous conditions. *Hampton v. Waste Mgmt. of Mich., Inc.*, 601 N.W.2d 172 (Mich. Ct. App. 1999). In order to demonstrate constructive notice, Plaintiffs must show that the condition existed for a sufficient period of time for the premises owner to discover and correct it. *See Berryman v. K-Mart Corp.*, 483 N.W.2d 642, 645 (Mich. Ct. App. 1992).

Plaintiffs have presented absolutely no evidence of how long ice may have been present on the stairway. Indeed, Plaintiffs have failed entirely to introduce evidence of what weather conditions may have led to the formation of ice and when.[2] Particularly in light of the early hour at which Donald Demo used the stairway, the evidence simply does not support that Defendant should have had constructive notice of an unsafe condition on the front stairway.

---

[2]The Court notes that Plaintiffs have made a sweeping argument that, because the stairway could be seen from the office window, employees should have been able to notice ice on the stairs. The argument proves too much. If a person in an office on the first floor should have been expected to see ice on the top step of the second floor, the risk unquestionably should have been obvious to Plaintiff, who was on the spot.

**IV.**

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment. A judgment consistent with this opinion shall be entered.


Date:     April 13, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE